United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CITY OF OAKLAND,

        Plaintiff,

    v.

WILLIAM ABEND, *et al.*,

        Defendants.
_____/

No. C-07-2142 EMC

**ORDER DENYING APPLICANT JAVIER LEON'S MOTION TO INTERVENE AND SET ASIDE SETTLEMENT AGREEMENT; AND DENYING AS MOOT APPLICANT JAVIER LEON'S MOTION FOR TEMPORARY RESTRAINING ORDER**

**(Docket Nos. 67, 70)**

       Applicant Javier Leon's motion to intervene in this action and for temporary restraining order was heard on August 20, 2009. Having considered the papers filed in support of and in opposition to the motions and the argument of counsel, as indicated on the record, the Court denies the motion to intervene under Fed. R. Civ. P. 24(a), thus mooting the motion for temporary restraining order.

       As noted at the hearing, the Court denies the motion on two grounds. First, the motion was not timely filed. The underlying suit was settled and dismissal was entered on March 4, 2008. There is credible and specific testimony by declaration that Mr. Leon was made aware of this suit and the settlement no later than September, 2008. Mr. Leon appears to have waited nearly 11 months before bringing this motion seeking effectively to reopen the suit and nullifying the settlement. Counsel for the City of Oakland and Mr. Abend represented to the Court at the hearing that during this 11 month period, Mr. Abend has spent time and resources in carrying out his obligations under the settlement agreement herein. Thus, Mr. Abend would incur substantial

prejudice were intervention permitted and the case reopened. Moreover, "[t]here is considerable reluctance on the part of the courts to allow intervention after the action has gone to judgment and a strong showing will be required of the applicant" since such intervention will, *inter alia*, substantially interfere with the orderly processes of the court and finality of dismissals. 7C, Wright, Miller & Kane, *Federal Practice and Procedure: Civil 3d*, § 1916 (2007). Mr. Leon has not made a strong showing why he waited 11 months before filing the instant motion.

Second, although Mr. Leon was offered a five year lease in July 2007, he did not sign it. He remained as a month-to-month tenant since then. Therefore, although he has been a long-time tenant and may have accumulated goodwill, he has no "significant protectable interest" in the action – he does not have an "interest that is protected under some law." *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998). His month-to-month tenancy was and is subject to termination upon adequate notice under California law irrespective of the settlement agreement herein.

For these reasons, the motion to intervene as of right is **DENIED**. The motion for temporary restraining order is **DENIED AS MOOT**.

This order disposes of Docket Nos. 67 and 70.

IT IS SO ORDERED.

Dated: August 21, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge